# F. Hersh Hardware Company et al. v. Eberhard, etc.

*K. Y. Donecker*, for plaintiffs.

*Butz, Steckel, Hudders & Rupp*, for defendant.

HENNINGER, P. J., July 21, 1952.—Plaintiffs instituted this action in equity against William N. Eberhard, who had been declared incompetent and who died prior to argument, leaving a last will and testament of which Allentown National Bank was named executor. Since institution of the action, Eberhard's guardian, also Allentown National Bank, obtained control of F. Hersh Hardware Company and without consent

of court, discontinued suit as to this company through the attorneys for defendant.

The complaint accused Eberhard, who admittedly held 755 of the 1,500 shares of plaintiff company of: (1) Purchasing 265 shares of the stock of the corporation from retiring stockholders between 1930 and 1942 in violation of bylaw no. 11, which forbade transfer of stock until it had been offered to the remaining stockholders at the same price, and in violation of an agreement dated April 1, 1920, providing for surrender of stock at book value prior to sale; (2) withdrawing $5,000 of the funds of the corporation for the purchase in his own name of 25 shares of stock in 1932; (3) investing $3,500 of the corporation's funds in stock of a corporation known as Park and Shop, Inc., in 1947 and setting the same on the books at $2,799; (4) entering into rental agreements for the Hamilton Street property of the corporation in 1932 without the consent of the stockholders and without board action, renewing the lease in 1940 to 1952 in the same manner and entering into a renewal in 1951 to 1982 in the same manner; (5) acting as president and treasurer at the same time; (6) failing to make corporate reports in time, entailing undue penalties for the corporation; (7) fraudulent concealing of said acts, keeping all books and records in his own possession, failing to call meetings or to give information, giving false information to stockholders and their counsel, and (8) using corporation funds for personal expenditures to the extent of $1,100.

The prayer for relief asked: (1) That Eberhard be declared trustee ex maleficio of 125 shares and of 140 shares (2) that he account for the $3,500 invested in Park and Shop (3) that the lease and its extensions be declared void (4) that individual plaintiff be declared the holder of her 25 shares free of a 1949 agreement seeking to bind them to the 1920 agreement, and

(5) that defendant repay all sums withdrawn in excess of dividends.

Defendant filed preliminary objections; (1) Want of proper parties, namely, the stockholders who sold to Eberhard in violation of the bylaws and 1920 agreement, and H. L. Green Co., the lessee of the Hamilton Street property; (2) all parties are not interested in all causes of action in that the corporation was not a party to the 1949 agreement between Mrs. Eisenhard and Eberhard; (3) bill multifarious; (4) failure to join the corporation in a derivative action and failure to join the Green Company in a prayer to annul the lease; (5) full defense, not requiring the production of evidence in that (a) improper transfers barred by statute of limitations and laches; (b) Eisenhard agreement void by expiration of time; (c) failure to join the Green Company; (d) and (e) are speaking demurrers; (f) adequate remedy at law for amounts withdrawn.

Since plaintiffs do not seek to avoid the transfers of stock to Eberhard but to hold him a trustee ex maleficio of them, it was not necessary for them to join their former fellow stockholders who violated the bylaws by selling to Eberhard. It will be noted that the first transfer occurred more than 10 years after execution of the 1920 agreement and therefore it had expired by its own terms.

Certainly there can be no avoidance of the Green lease and its renewals without making the Green Company a party to the bill and there is merit to the first preliminary objection in that respect.

Preliminary objection no. 2 is merely a specification of preliminary objection no. 3. The bill is certainly multifarious. We can detect at least four different actions. The first one is the derivative action in which Mrs. Eisenhard seeks to compel Eberhard to make good to the corporation for the losses it suffered.

These are the use of corporation funds to purchase stock in Eberhard's own name, the deviation of $3,500 from corporation purposes to investment in Park and Shop, Inc., the withdrawal of $1,100, the loss to the corporation of penalties due to Eberhard's delay in filing returns. Then there is a derivative action to annul the lease and its renewals, which cannot be considered because the Green Company has not been made a party. There is a private action between Mrs. Eisenhard and Eberhard concerning the deceitful inducement to her to sign the 1949 agreement. Since that agreement was nugatory from its inception—it tied her stock to the 1920 agreement, which had itself expired 19 years earlier—we are not concerned with that action. Furthermore, there is a class action of Mrs. Eisenhard for herself and her fellow stockholders— not, under bylaw no. 11, the corporation—against Eberhard for purchasing stock in disregard of their rights under the bylaw.

The fourth preliminary objection is not worthy of serious consideration. It comes with very poor grace for a defendant to object to the absence of a party, when he himself has been responsible for the withdrawal of the party from the action. We need not consider here either the legality or the propriety of the discontinuance on the part of the corporation. All that need be said is that it was a party plaintiff at the inception of the action and it is of that date that we consider the presence or absence of necessary parties.

Since we must sustain preliminary objections nos. 1 and 3, our disposition of preliminary objection no. 5 could only be advisory. At least some of the disputed transactions are within the period of the statute of limitations and concealment is pleaded. Whether or not plaintiff's failure to exercise the prerogatives of stockholders to learn of Eberhard's alleged unfaith-

fulness in other matters constitutes laches apparent on the face of the bill can be decided later, should plaintiff choose to press only the stock purchases.

One might retain the bill to permit plaintiff to decide which one of her causes of action she elects to pursue in this action, permitting the necessary amendments of the bill and joinder of the necessary parties, but this would unnecessarily complicate the pleadings. It would be simpler for her to begin over and we can then deal with each situation as it arises.

Now, July 21, 1952, defendant's preliminary objections 1 and 3 are sustained and plaintiff's bill of complaint is dismissed without prejudice to her right to assert the same causes of action or any of them, in a new bill or bills.